*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 3, 2015                106814
                                                      106938
_____

THE PEOPLE OF THE STATE OF
     NEW YORK,
                         Respondent,

          v                              MEMORANDUM AND ORDER

DANIEL JUSTINIANO,
                         Appellant.
_____

Calendar Date:  October 14, 2015

Before:  Lahtinen, J.P., McCarthy, Lynch and Devine, JJ.

                         _____

          Proyect & Hart, Parksville (Joel M. Proyect of counsel),
for appellant.

          James R. Farrell, District Attorney, Monticello (Meagan K.
Galligan of counsel), for respondent.

                         _____

Devine, J.

          Appeals (1) from a judgment of the County Court of Sullivan
County (McGuire, J.), rendered December 17, 2013, convicting
defendant upon his plea of guilty of the crime of burglary in the
second degree (four counts), and (2) by permission, from an order
of said court, entered August 29, 2014, which denied defendant's
motion pursuant to CPL 440.10 to vacate the judgment of
conviction.

          In satisfaction of a 10-count indictment stemming from a
spree of home break-ins, defendant pleaded guilty to four counts
of burglary in the second degree and purportedly waived his right
to appeal from the conviction and sentence.  County Court made no

sentencing commitment, and defendant acknowledged during the plea colloquy that he could potentially receive consecutively-running sentences of 15 years in prison, plus postrelease supervision, on each count.[1] County Court thereafter rejected defendant's request to be adjudicated a youthful offender and imposed a prison sentence of four years on each count, to be served consecutively, followed by five years of postrelease supervision. The court also ordered defendant to pay a fine of $20,000 and restitution of $15,000. Defendant subsequently retained new counsel and moved to vacate the judgment on the ground that he had been deprived of the effective assistance of counsel (see CPL 440.10 [1] [h]). County Court denied defendant's motion without a hearing. Defendant now appeals from both the judgment of conviction and, by permission, from the order denying his postconviction motion.

Defendant was free to waive his right to appeal as an adjunct to the plea agreement, so long as he made a voluntary, knowing and intelligent decision to do so (see People v Sanders, 25 NY3d 337, 340 [2015]). It was accordingly incumbent upon County Court to verify, among other things, that defendant understood he was "intentionally relinquish[ing] or abandon[ing] a known right that would otherwise survive a guilty plea" as a component of the plea agreement (People v Hansen, 95 NY2d 227, 230 n 1 [2000]; see People v Sanders, 25 NY3d at 340; People v Johnson, 14 NY3d 483, 486 [2010]). Defendant expressed his willingness to waive his right to appeal during the plea colloquy, but the record is devoid of any indication that an appeal waiver was actually a component of the plea agreement. An appeal waiver was not mentioned when the terms of the plea agreement were recited and, indeed, the People stated that they did not know if defendant was executing an appeal waiver given the absence of any sentencing commitment. Defense counsel then gratuitously offered to have defendant waive his right to appeal

_____

   [1] County Court correctly advised defendant of the potential maximum sentence for each count of burglary in the second degree, but mistakenly arrived at an inaccurately high potential aggregate prison term of 75 years.

in the spirit of "mak[ing] it as easy on everyone as possible." As a result of these statements, County Court was obliged to determine whether an appeal waiver was required as a "detail[] of the plea bargain" and, if not, whether defendant understood that he did not have to execute one (People v Sanders, 25 NY3d at 340). County Court did neither and, given the absence of proof that defendant waived his right to appeal in return for any consideration, we find that waiver to be invalid (see e.g. People v Crump, 107 AD3d 1046, 1047 [2013], lv denied 21 NY3d 1014 [2013]; People v Meiner, 20 AD3d 778, 779 n [2005]).

We accordingly turn to the sentencing issues raised by defendant, which are properly before us given the absence of a valid appeal waiver (compare People v Baker, 6 AD3d 751, 751 [2004]). While we are unpersuaded that County Court abused its discretion in denying defendant's request for youthful offender status (see People v Green, 128 AD3d 1282, 1283 [2015]; People v Butler, 111 AD3d 1024, 1024-1025 [2013], lv denied 23 NY3d 961 [2014]), we do agree with defendant's further contention that the sentence imposed was harsh and excessive. Defendant was only 18 years of age when he committed the instant offenses, which were all nonviolent, and he has no prior involvement with the criminal justice system as an adult. He reported that he was abusing alcohol and marihuana at the time he committed the burglaries, and he underwent treatment for substance abuse and depression during the pendency of this matter. He also belatedly recognized how violated a victim of a home burglary may feel, and he apologized to the victims for his behavior. Indeed, even the People, who were extremely concerned by the impact of the burglaries on the victims and the community at large, recommended a lesser aggregate prison sentence of 12 years. Taking all of these factors into account, we choose to exercise our interest of justice jurisdiction to modify defendant's sentences and order that they run concurrently (see CPL 470.15 [2] [c]; [6] [b]; People v Bunch, 112 AD3d 958, 958-959 [2013], lv denied 23 NY3d 1018 [2014]; People v Kearns, 66 AD3d 1084, 1085 [2009]; People v Lakatosz, 59 AD3d 813, 817 [2009], lvs denied 12 NY3d 917 [2009]).

Defendant's remaining contentions with regard to his CPL article 440 motion, to the extent that they are not academic in light of the foregoing, have been examined and found to lack merit.

Lahtinen, J.P., McCarthy and Lynch, JJ., concur.

ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by directing that defendant's sentences for the four counts of burglary in the second degree shall run concurrently rather than consecutively, and, as so modified, affirmed.

ORDERED that the order is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court