People v Vittengl (2021 NY Slip Op 03869)





People v Vittengl


2021 NY Slip Op 03869


Decided on June 17, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 17, 2021

110662
[*1]The People of the State of New York, Respondent,
v
Michael Vittengl, Appellant.

Calendar Date:May 7, 2021

Before:Garry, P.J., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.

Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Jason M. Carusone, District Attorney, Lake George (Rebecca Nealon of counsel), for respondent.



Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered October 17, 2018, which revoked defendant's probation and imposed a sentence of imprisonment.
In May 2018, defendant pleaded guilty to criminal possession of stolen property in the third degree and received a split sentence of six months in jail and five years of probation. Two months later, defendant was charged with violating three terms and conditions of his probation, including being arrested and charged with a felony. Pursuant to a negotiated disposition, defendant admitted to violating the terms and conditions of his probation and waived his right to appeal. Thereafter County Court revoked defendant's probation and sentenced him to a prison term of 2 to 6 years. This appeal ensued.
The People have advised this Court — and our review of the records of the Department of Corrections and Community Supervision confirms — that defendant was discharged from prison and from parole supervision in January 2020. Accordingly, defendant's sole challenge upon appeal — that the sentence imposed was harsh and excessive — is moot (compare People v King, 178 AD3d 1126, 1127 [2019] and People v Parker, 156 AD3d 1059, 1060 [2017], with People v Guyett, 137 AD3d 1329, 1329 [2016] and People v Rivers, 130 AD3d 1092, 1092 n [2015]). Were we to conclude otherwise, we would find that defendant's waiver of the right to appeal was valid and, therefore, his challenge to the perceived severity of his sentence would be precluded (see People v Bayne, 175 AD3d 1722, 1723 [2019]).
Garry, P.J., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.