People v VanSlyke (2022 NY Slip Op 04767)

People v VanSlyke

2022 NY Slip Op 04767

Decided on July 28, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 28, 2022

112179
[*1]The People of the State of New York, Respondent,
v
Marsha M. VanSlyke, Appellant.

Calendar Date:June 17, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Reynolds Fitzgerald and McShan, JJ.

Adam G. Parisi, Schenectady, for appellant.
Lorraine Diamond, District Attorney, Fonda (William G. Berger of counsel), for respondent.

Appeal from a judgment of the County Court of Montgomery County (Lorman, J.), rendered October 16, 2019, convicting defendant upon her plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.
Defendant waived indictment and pleaded guilty to a superior court information charging her with criminal possession of a controlled substance in the fifth degree and she purportedly waived the right to appeal. County Court sentenced defendant to one year in prison, followed by one year of postrelease supervision. Defendant appeals.
Defendant's only argument on appeal is that her sentence is harsh and excessive, and that the claim is not precluded because her waiver of the right to appeal is invalid. Regardless of the validity of the appeal waiver, given that the records of the Department of Corrections and Community Supervision and defendant's own submissions confirm that defendant completed her one-year prison sentence in March 2020 and was discharged from parole supervision in March 2021, any claim regarding her sentence is moot (see People v Vittengl, 195 AD3d 1233, 1234 [2021]; People v Parker, 156 AD3d 1059, 1060 [2017]; People v Cancer, 132 AD3d 1019, 1020 [2015]).
Egan Jr., J.P., Clark, Pritzker, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment is affirmed.