People v Smith (2022 NY Slip Op 05352)

People v Smith

2022 NY Slip Op 05352

Decided on September 29, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 29, 2022

110847
[*1]The People of the State of New York, Respondent,
v
Christopher Smith, Appellant.

Calendar Date:September 12, 2022

Before:Egan Jr., J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Del Atwell, East Hampton, for appellant.
P. David Soares, District Attorney, Albany (Jonathan P. Catania of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a judgment of the County Court of Albany County (William A. Carter, J.), rendered August 22, 2018, convicting defendant upon his plea of guilty of the crime of arson in the second degree.
Defendant was charged by indictment with arson in the second degree and thereafter agreed to plead guilty to the charged crime with the understanding that he would be sentenced to a prison term of no less than five years and no more than 10 years — followed by three years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement, and County Court subsequently sentenced defendant to a prison term of seven years followed by three years of postrelease supervision. This appeal ensued.
We affirm. The People concede — and our review of the record confirms — that defendant's waiver of the right to appeal is invalid, as County Court, among other things, "neither adequately explained the nature of the waiver nor ascertained defendant's understanding of the ramifications thereof" (People v Alexander, 194 AD3d 1261, 1262 [3d Dept 2021], lv denied 37 NY3d 1094 [2021]; see People v Boyd, 206 AD3d 1350, 1351 [3d Dept 2022], lv denied ___ NY3d ___ [Aug. 31, 2022]; People v Lilliard, 206 AD3d 1241, 1242 [3d Dept 2022]). As a result, defendant's challenge to the perceived severity of his sentence is not precluded (see People v Davis, 199 AD3d 1123, 1124-1125 [3d Dept 2021], lv denied 37 NY3d 1160 [2022]). That said, we do not find the sentence imposed to be unduly harsh or severe (see CPL 470.15 [6] [b]). The sentence imposed was well within both the permissible statutory range (see Penal Law §§ 70.02 [1] [a]; [3] [a]; 150.15) and the sentencing parameters set forth by County Court in the context of the plea agreement. Contrary to defendant's assertion, the mere fact that County Court ultimately did not impose the minimum term of imprisonment desired by defendant at the time of sentencing did not result in the imposition of an "enhanced" sentence. Defendant's remaining arguments on this point, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.