People v Ramjiwan (2022 NY Slip Op 06031)

People v Ramjiwan

2022 NY Slip Op 06031

Decided on October 27, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 27, 2022

112684
[*1]The People of the State of New York, Respondent,
v
Davo Ramjiwan, Appellant.

Calendar Date:October 7, 2022

Before:Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and Fisher, JJ.

Richard L. Herzfeld, New York City, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Appeal from a judgment of the County Court of Schenectady County (Matthew J. Sypniewski, J.), rendered January 7, 2020, convicting defendant upon his plea of guilty of the crime of criminal sexual act in the second degree.
In January 2019, defendant was charged by indictment with criminal sexual act in the second degree and endangering the welfare of a child. The charges stemmed from allegations that, in November 2018, defendant engaged in oral sexual conduct with another person less than 15 years old. In September 2019, in full satisfaction of the indictment as well as other charges pending in Schenectady County in a separate matter, defendant pleaded guilty to criminal sexual act in the second degree and purportedly waived his right to appeal. In accordance with the terms of the plea agreement, he was sentenced to two years in prison, to be followed by eight years of postrelease supervision. Defendant appeals.
Initially, we agree with defendant that his waiver of the right to appeal is invalid. The written appeal waiver is overbroad in that it erroneously claims to be a complete bar to a direct appeal as well as collateral proceedings, "and County Court did not overcome that defect by ensuring that defendant understood that some appellate and collateral relief survives an appeal waiver" (People v Palmer, 207 AD3d 802, 803 [3d Dept 2022] [internal quotation marks and citation omitted]; see People v Alexander, 207 AD3d 878, 879 [3d Dept 2022]; People v Katoom, 205 AD3d 1132, 1133 [3d Dept 2022]). Given the absence of a valid appeal waiver, defendant's challenge to the severity of his sentence is properly before us (see People v Winters, 196 AD3d 847, 849 [3d Dept 2021], lv denied 37 NY3d 1030 [2021]; People v Justiniano, 134 AD3d 1172, 1174 [3d Dept 2015]).
Although defendant has reached the maximum expiration date of his prison sentence, he has not reached the maximum expiration date of his undischarged period of postrelease supervision, and defendant's appeal challenging the severity of his sentence is therefore not moot (see People v Curry, 206 AD3d 1646, 1646 [4th Dept 2022], lv denied 38 NY3d 1149 [2022]; People v Purdie, 205 AD3d 1225, 1226 [3d Dept 2022], lv denied 38 NY3d 1135 [2022]; People v Hancarik, 202 AD3d 1151, 1151 [3d Dept 2022]). That said, we do not find the period of postrelease supervision imposed to be unduly harsh or severe given the nature of defendant's conduct (see CPL 470.15 [6] [b]; People v Izzo, 108 AD3d 944, 945 [3d Dept 2013], lv denied 21 NY3d 1074 [2013]). Further, the term of postrelease supervision was within the permissible statutory range (see Penal Law §§ 70.45 [2-a]; 70.80, 130.45) and within "the sentencing parameters set forth by County Court in the context of the plea agreement" (People v Smith, ___ AD3d ___, ___, 174 NYS3d 614, 615 [3d Dept 2022]). Accordingly, the judgment of conviction is affirmed.
Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the [*2]judgment is affirmed.