People v O'Brien (2023 NY Slip Op 01708)

People v O'Brien

2023 NY Slip Op 01708

Decided on March 30, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 30, 2023

112175
[*1]The People of the State of New York, Respondent,
v
Arnold O'Brien, Appellant.

Calendar Date:February 10, 2023

Before:Lynch, J.P., Clark, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Matthew C. Hug, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Appeal from a judgment of the County Court of Schenectady County (Matthew J. Sypniewski, J.), rendered March 9, 2018, which, among other things, revoked defendant's probation and imposed a sentence of imprisonment.
In October 2016, defendant pleaded guilty to burglary in the third degree and was sentenced to five years of probation subject to various terms and conditions. Beginning in July 2017, defendant was charged in a series of petitions and amended petitions with violating numerous aspects of his probation, including that he report to the Probation Department as directed. While on probation, defendant also engaged in sexual conduct with a nine-year-old girl, as a result of which he was indicted and charged with one count each of rape in the first degree and criminal sexual act in the first degree.
Defendant subsequently agreed to a global disposition resolving both the violation of probation petitions and the subject indictment, whereby defendant would plead guilty — in full satisfaction of the indictment — to rape in the first degree with the understanding that he would be sentenced as a second felony offender to a prison term of eight years followed by a period of postrelease supervision to be determined by County Court. Defendant also would admit to violating certain conditions of his probation in exchange for a prison term of 1½ to 4½ years. The proposed disposition required defendant to waive his right to appeal and contemplated that the sentences imposed would run consecutively. Defendant made the requisite guilty plea/admission, and County Court sentenced defendant upon his rape conviction to a prison term of eight years followed by 25 years of postrelease supervision. Additionally, County Court revoked defendant's probation and resentenced him to a prison term of 1½ to 4½ years — said sentences to be served consecutively. Defendant appeals, contending that the resentence imposed upon his probation violation was excessive.
We affirm. This Court previously determined — in the context of defendant's appeal of his rape conviction — that his waiver of the right to appeal was invalid, as the written waiver contained overbroad language and County Court's oral colloquy was insufficient to cure that deficiency or otherwise convey that some appellate review survived (People v O'Brien, 207 AD3d 955, 956 [3d Dept 2022]; see People v Puleski, 210 AD3d 1143, 1144 [3d Dept 2022]). Given the global disposition reached here, it necessarily follows that the written waiver and oral colloquy — insofar as it pertained to defendant's violation of probation — was equally deficient. Accordingly, defendant's challenge to the perceived severity of his resentence is not precluded (see People v Ramjiwan, 209 AD3d 1176, 1177 [3d Dept 2022]). That said, upon due consideration of all of the relevant facts and circumstances, including defendant's relative lack of success while on probation, we do not find the agreed-upon resentence imposed to be unduly harsh [*2]or severe (see CPL 470.15 [6] [b]), and we decline defendant's invitation to modify the resentence in the interest of justice (see CPL 470.15 [3] [c]).
Lynch, J.P., Clark, Pritzker, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.