People v Thomas (2023 NY Slip Op 01918)

People v Thomas

2023 NY Slip Op 01918

Decided on April 13, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 13, 2023

109696
[*1]The People of the State of New York, Respondent,
v
James A. Thomas, Appellant.

Calendar Date:February 23, 2023

Before:Lynch, J.P., Aarons, Pritzker, Fisher and McShan, JJ.

John A. Cirando, Syracuse, for appellant.
Palmer J. Pelella, Special Prosecutor, Vestal, for respondent.

Aarons, J.
Appeal from a judgment of the County Court of Broome County (Joseph F. Cawley, J.), rendered August 21, 2017, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and tampering with physical evidence.
Defendant was charged by indictment with various crimes stemming from an incident where he and the codefendant, who ultimately pleaded guilty, were discovered in a bathroom while flushing heroin down a toilet. Following a jury trial, defendant was convicted of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and tampering with physical evidence. County Court thereafter sentenced defendant to a term of imprisonment followed by a period of postrelease supervision. Defendant appeals.
At trial, the People tendered testimonial evidence that, upon executing a search warrant, law enforcement officials found defendant, with the codefendant, barricaded in a small bathroom trying to flush heroin down the toilet. Once law enforcement officials gained access into the bathroom, a tied, clear plastic bag — which a detective called a "knotted wrap" — was found on the floor in the corner and had a powdery substance in it. A test of the substance in the knotted wrap revealed it to be heroin. The detective also testified that drug sellers typically possess knotted wraps and that the drug paraphernalia — glassine envelopes, a razor blade, small rubber bands, protective face masks and a metal sifter — that was discovered in the house was consistent with drugs being sold.
Contrary to defendant's assertion, the evidence, when viewed in the light most favorable to the People, is legally sufficient to establish that defendant had dominion or control over the bag containing heroin so as to support the convictions for criminal possession of a controlled substance in the third and fourth degrees (see People v Paul, 202 AD3d 1203, 1207 [3d Dept 2022], lv denied 38 NY3d 1034 [2022]; People v Shabazz, 177 AD3d 1170, 1172 [3d Dept 2019]; People v Banks, 14 AD3d 726, 727-728 [3d Dept 2005], lv denied 4 NY3d 851 [2005]). Also, in view of the testimony that defendant was flushing heroin down the toilet as law enforcement officials tried to enter the bathroom, legally sufficient evidence supports the conviction of tampering with physical evidence (see People v Sanders, 185 AD3d 1280, 1286 [3d Dept 2020], lv denied 35 NY3d 1115 [2020]). To the extent that defendant argues that the People failed to adduce legally sufficient proof on the element of intent to sell for criminal possession of a controlled substance in the third degree (see Penal Law § 220.16 [1]), such argument is unpreserved because defendant did not raise this specific ground in his trial motion to dismiss (see People v Drumgold, 206 AD3d 1044, 1045 n 2 [3d Dept 2022], lv denied 38 NY3d 1150 [2022]).
Defendant also challenges the verdict as being against the weight of the evidence. For his part, defendant testified to a contrary version of the events at issue. If the jury believed defendant, an acquittal would not have been unreasonable (see People v Baber, 182 AD3d 794, 799 [3d Dept 2020], lv denied 35 NY3d 1064 [2020]). That said, having been presented with conflicting proof, the jury apparently did not credit defendant's testimony in reaching its verdict. Viewing the evidence in a neutral light and deferring to the jury's credibility determination, the verdict convicting defendant of criminal possession of a controlled substance in the third and fourth degrees (see People v Paul, 202 AD3d at 1208; People v Smith, 201 AD3d 1126, 1130-1131 [3d Dept 2022], lv denied 38 NY3d 1035 [2022]; People v Wheeler, 159 AD3d 1138, 1140 [3d Dept 2018], lv denied 31 NY3d 1123 [2018]) and tampering with physical evidence (see People v Freeman, 106 AD3d 590, 591 [1st Dept 2013], lv denied 21 NY3d 1073 [2013]; People v Shoga, 89 AD3d 1225, 1228-1229 [3d Dept 2011], lv denied 18 NY3d 886 [2012]) is not against the weight of the evidence.
As to defendant's allegations of prosecutorial misconduct, the record does not support the claim that the People threatened the codefendant with a perjury charge if he failed to give certain testimony. Rather, the record reflects that the prosecutor advised the codefendant that he could be charged with perjury if he did not testify truthfully. In addition, upon County Court's inquiry, the codefendant stated that he was never threatened by the prosecutor. Under these circumstances, there was no prosecutorial misconduct (see People v Pine, 82 AD3d 1498, 1501-1502 [3d Dept 2011], lv denied 17 NY3d 820 [2011]). Defendant's prosecutorial misconduct argument based upon a Brady violation is also without merit given that defense counsel was provided with "a meaningful opportunity to use the allegedly exculpatory material to cross-examine the People's witnesses" (People v Osborne, 91 NY2d 827, 828 [1997] [internal quotation marks and citation omitted]; see People v Carter, 131 AD3d 717, 720 [3d Dept 2015], lv denied 26 NY3d 1007 [2015]; People v Burroughs, 64 AD3d 894, 898 [3d Dept 2009], lv denied 13 NY3d 794 [2009]).
Finally, the records from the Department of Corrections and Community Supervision reflect that defendant has completed the sentence and has been discharged from parole supervision. In view of this, defendant's argument that the imposed sentence is unduly harsh or severe is moot (see People v VanSlyke, 207 AD3d 1004, 1004-1005 [3d Dept 2022]). Defendant's remaining contention has been considered and is unavailing.
Lynch, J.P., Pritzker, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.