People v Turner (2023 NY Slip Op 03503)

People v Turner

2023 NY Slip Op 03503

Decided on June 29, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 29, 2023

110850
[*1]The People of the State of New York, Respondent,
v
Jamal Turner, Appellant.

Calendar Date:May 26, 2023

Before:Garry, P.J., Egan Jr., Clark, Fisher and McShan, JJ.

Justin C. Brusgul, Altamont, for appellant.
P. David Soares, District Attorney, Albany (Erin N. LaValley of counsel), for respondent.

Appeal from a judgment of the County Court of Albany County (William A. Carter, J.), rendered September 26, 2018, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the second degree.
Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with one count of attempted criminal possession of a weapon in the second degree. The plea agreement, which required defendant to waive his right to appeal, contemplated that defendant would plead guilty to the charged crime with the understanding that he would be sentenced to a prison term of 4½ years followed by five years of postrelease supervision. Defendant pleaded guilty in conformity with the plea agreement, and County Court imposed the agreed-upon sentence. This appeal ensued.
The People concede — and our review of the record confirms — that defendant's waiver of the right to appeal is invalid, as County Court "neither adequately explained the nature of the waiver nor ascertained defendant's understanding of the ramifications thereof" (People v Alexander, 194 AD3d 1261, 1262 [3d Dept 2021], lv denied 37 NY3d 1094 [2021]; accord People v Smith, 208 AD3d 1538, 1539 [3d Dept 2022]; see People v Dye, 210 AD3d 1192, 1193 [3d Dept 2022], lv denied 39 NY3d 1072 [2023]). Accordingly, defendant's challenge to the severity of his sentence is not precluded (see People v Ellithorpe, 207 AD3d 1001, 1002 [3d Dept 2022]). Similarly, although defendant reached the maximum expiration date of his prison sentence in January 2023, he has not reached the maximum expiration date of his postrelease supervision period, and, as such, his challenge to the severity of his sentence is not moot (see People v Ramjiwan, 209 AD3d 1176, 1177 [3d Dept 2022]). That said, upon reviewing the record and considering all of the relevant factors, we do not find the period of postrelease supervision imposed to be unduly harsh or severe (see CPL 470.15 [6] [b]; People v Ramjiwan, 209 AD3d at 1177), and we decline defendant's invitation to reduce it in the interest of justice.
Garry, P.J., Egan Jr., Clark, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.