People v Woodruff (2023 NY Slip Op 04234)

People v Woodruff

2023 NY Slip Op 04234

Decided on August 10, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 10, 2023

109809
[*1]The People of the State of New York, Respondent,
v
Vahnjordan D. Woodruff, Appellant.

Calendar Date:June 23, 2023

Before:Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and McShan, JJ.

Robert C. Kilmer, Binghamton, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Zachary S. Persichini of counsel), for respondent.

Appeal from a judgment of the County Court of Chemung County (Richard W. Rich Jr., J.), rendered March 18, 2016, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
Defendant pleaded guilty to criminal possession of a weapon in the second degree in satisfaction of a four-count indictment alleging that he shot a loaded firearm at a victim in a residential area, as well as another pending matter. County Court thereafter sentenced defendant pursuant to the terms of the plea agreement to seven years in prison followed by five years of postrelease supervision. Defendant appeals.
Defendant's sole challenge on appeal is to the severity of his sentence. Although defendant has served his prison sentence, he has not reached the maximum expiration date of his undischarged period of postrelease supervision and, thus, his challenge is not moot (see People v Ramjiwan, 209 AD3d 1176, 1177 [3d Dept 2022]; People v Purdie, 205 AD3d 1225, 1226 [3d Dept 2022], lv denied 38 NY3d 1135 [2022]; see also People v Hancarik, 202 AD3d 1151, 1151 [3d Dept 2022]). Nevertheless, in view of the egregious nature of defendant's conduct, we do not find the negotiated period of postrelease supervision imposed, which was within the permissible statutory range (see Penal Law § 70.45 [2]), to be unduly harsh or severe (see CPL 470.15 [6] [b]; People v Brodhead, 106 AD3d 1337, 1337 [3d Dept 2013], lv denied 22 NY3d 1087 [2014]; People v Smith, 100 AD3d 1144, 1144 [3d Dept 2012]). To the extent that defendant asserts that he should be afforded youthful offender status, he is not eligible for such treatment as the record reflects that he was previously adjudicated to be a juvenile delinquent upon his commission of a designated felony act as defined in Family Ct Act § 301.2 (8) (see CPL 720.10 [2] [c]; Penal Law §§ 140.25, 160.10; People v Middlebrooks, 25 NY3d 516, 525 [2015]).
Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment is affirmed.