People v Stansberry (2024 NY Slip Op 00946)

People v Stansberry

2024 NY Slip Op 00946

Decided on February 22, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 22, 2024

112197
[*1]The People of the State of New York, Respondent,
v
Maurice Stansberry Sr., Appellant.

Calendar Date:January 9, 2024

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Mackey, JJ.

Paul J. Connolly, Delmar, for appellant.
Emmanuel Nneji, District Attorney, Kingston (Bridget Rahilly Steller of New York Prosecutors Training Institute, Inc., Albany, of counsel), for respondent.

Aarons, J.
Appeal from a judgment of the County Court of Ulster County (Donald A. William, J.), rendered October 4, 2019, upon a verdict convicting defendant of the crimes of murder in the second degree, robbery in the first degree (three counts), robbery in the second degree, criminal possession of a weapon in the second degree and criminal use of a firearm in the first degree.
In 2018, defendant and the codefendants planned to purchase marihuana with fake money. At the time of the arranged sale, after defendant was handed the marihuana, defendant pointed a gun at the sellers, threatened them and then fled in a car. The sellers followed in their own car and eventually cut off defendant's car. The victim got out, approached defendant's car and demanded the return of the marihuana. The victim opened one of the doors of defendant's car and was shot by defendant. In connection with this, defendant and the codefendants were charged by indictment with various crimes. Prior to trial, the codefendants pleaded guilty. At the ensuing jury trial, defendant was convicted of murder in the second degree (count 1), three counts of robbery in the first degree (counts 2, 3 and 4), robbery in the second degree (count 5), criminal possession of a weapon in the second degree (count 7) and criminal use of a firearm in the first degree (count 8). County Court sentenced defendant, as a second felony offender, to a prison term of 25 years to life on count 1, concurrent prison terms of 25 years, to be followed by five years of postrelease supervision on counts 2, 3, 4 and 8 and lesser concurrent prison terms on counts 5 and 7. Defendant appeals.
Defendant argues that the verdict is not based on legally sufficient evidence or, alternatively, is against the weight of the evidence because the People failed to establish that he stole the marihuana from an owner. "When property is taken, obtained or withheld by one person from another person, an 'owner' thereof means any person who has a right to possession thereof superior to that of the taker, obtainer or withholder" (Penal Law § 155.00 [5]). Defendant posits that the sellers do not meet the definition of an owner as contemplated by Penal Law § 155.00 (5) because the People failed to prove that the sellers had a right to possession of the marihuana superior to that of defendant. According to defendant, the People had to show that the sellers acquired the marihuana in a jurisdiction where it was legal to do so. It is undisputed that, at the time of the incident in question, it was illegal for an individual to possess marihuana in New York. Regardless of how the sellers came to possess the marihuana in the first instance, however, "[t]hat it was unlawful for [the sellers] to possess the [marihuana] is no defense to . . . defendant's unlawful taking of [it]" (People v Hardwick, 137 AD2d 714, 717 [2d Dept 1988], lv denied 71 NY2d 969 [1988]). As such, defendant's argument on this point is without merit.
Defendant also raises a legal sufficiency [*2]argument centering on the notion that the People failed to prove that defendant used or threatened the immediate use of physical force upon another person (see Penal Law § 160.00) and failed to prove that defendant committed a homicide in the course of his "immediate flight" (Penal Law § 160.15) from the alleged robbery. Defendant, however, did not raise these grounds in this trial motion to dismiss. As such, they are unpreserved (see People v Thomas, 215 AD3d 1052, 1053 [3d Dept 2023], lv denied 40 NY3d 931 [2023]). Defendant nonetheless contends that, for these reasons, the verdict is against the weight of the evidence. That said, the People tendered testimony from witnesses that, after the marihuana was handed to defendant, defendant displayed a gun, "racked it" and threatened the sellers while pointing the gun at one of the sellers.[FN1] The People also adduced testimonial evidence that, after this, defendant ran back to a car and one of the codefendants quickly drove away, eventually travelling about 45 to 50 miles per hour. The sellers pursued in their own car, and the codefendant could see their car in the rearview mirror. The record reflects that, approximately 1½ miles away from the location where defendant took the marihuana, the sellers eventually caught up with defendant's car, blocked it, came up to it and demanded the return of the marihuana. Defendant then shot the victim.
Although an acquittal would not have been unreasonable given some of the inconsistencies in the testimony of the People's witnesses, they were not of such magnitude to render these witnesses incredible as a matter of law. Any inconsistencies were explored during cross-examination and presented a credibility determination for resolution by the jury (see People v Delbrey, 179 AD3d 1292, 1294-1295 [3d Dept 2020], lv denied 35 NY3d 969 [2020]; People v Smith, 174 AD3d 1039, 1042 [3d Dept 2019], lv denied 35 NY3d 1097 [2020]). Viewing the evidence in a neutral light and deferring to the jury's credibility determinations, the verdict will not be disturbed as being against the weight of the evidence (see People v Myrick, 135 AD3d 1069, 1074 [3d Dept 2016]; People v Jordan, 111 AD3d 971, 972 [3d Dept 2013], lv denied 22 NY3d 1088 [2014]; People v Donovan, 53 AD2d 27, 33-34 [3d Dept 1976]).
Contrary to defendant's assertion, County Court did not abuse its discretion in fashioning a Sandoval compromise (see People v Bowes, 206 AD3d 1260, 1267-1268 [3d Dept 2022]; People v Norman, 154 AD3d 1185, 1188-1189 [3d Dept 2017], lv denied 31 NY3d 986 [2018]; People v Cooley, 149 AD3d 1268, 1270-1271 [3d Dept 2017], lv denied 30 NY3d 979 [2017]). The court balanced the probative value of admitting evidence of defendant's prior convictions against the potential prejudice to defendant and correctly found that such evidence was probative of defendant's credibility and demonstrated defendant's willingness to place his interests above societal interests. The court further limited the extent [*3]to which the People could inquire about the convictions. To the extent that defendant contends that certain evidence of prior bad acts should not have been deemed admissible, the court did not abuse its discretion in its Molineux ruling (see People v McCommons, 143 AD3d 1150, 1153 [3d Dept 2016], lv denied 29 NY3d 999 [2017]; People v Rivera, 124 AD3d 1070, 1073 [3d Dept 2015], lv denied 26 NY3d 971 [2015]). Furthermore, the court ameliorated any prejudice by giving a limiting instruction at the time the evidence was offered and again during the final charge (see People v Covington, 222 AD3d 1166, 1170 [3d Dept 2023]; People v LaDuke, 204 AD3d 1083, 1088 [3d Dept 2022], lv denied 38 NY3d 1072 [2022]).
Defendant argues that County Court erred in denying his request to charge the jury that it is illegal to possess marihuana except in nine states. "A trial court must instruct the jury on 'the material legal principles applicable to the particular case, and, so far as practicable, explain the application of the law to the facts' " (People v J.L., 36 NY3d 112, 119 [2020], quoting CPL 300.10 [2]). As the court found, providing the requested charge would have caused unnecessary confusion to the jury (see People v Cruz, 309 AD2d 564, 564-565 [1st Dept 2003], lv denied 1 NY3d 570 [2003]). Accordingly, the court did not err in denying defendant's request.
Finally, the imposed sentence is neither unduly harsh nor severe (see People v Leppanen, 218 AD3d 995, 1002-1003 [3d Dept 2023], lv denied 40 NY3d 1081 [2023]; People v Stanford, 130 AD3d 1306, 1310 [3d Dept 2015], lv denied 26 NY3d 1043 [2015]). We decline defendant's request to reduce the sentence in the interest of justice.
Egan Jr., J.P., Pritzker, Reynolds Fitzgerald and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: A witness testified that "racking" a gun is a term used for pulling the slide back on a gun after a loaded magazine is inserted in the gun and that the gun would then be ready for firing.