People v Morris (2024 NY Slip Op 04492)

People v Morris

2024 NY Slip Op 04492

Decided on September 19, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 19, 2024

112886
[*1]The People of the State of New York, Respondent,
v
Christopher Morris, Appellant.

Calendar Date:August 30, 2024

Before:Aarons, J.P., Lynch, Ceresia, McShan and Powers, JJ.

Catherine A. Barber, Guilderland, for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.

Appeal from a judgment of the County Court of Albany County (Andra L. Ackerman, J.), rendered January 15, 2021, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the fifth degree.
Defendant was indicted and charged with one count of criminal sale of a controlled substance in the third degree. In full satisfaction of that indictment and other pending charges, defendant was afforded the opportunity to plead guilty to the reduced charge of criminal sale of a controlled substance in the fifth degree with the understanding that he would be sentenced, as a second felony offender with a prior violent felony, to a prison term of 2½ years, to be followed by three years of postrelease supervision. The plea agreement, which required defendant to waive his right to appeal, also contemplated that the sentence imposed would run concurrently with a term of imprisonment to be imposed in another county. Defendant pleaded guilty as outlined in the plea agreement and, after clarifying that the period of postrelease supervision would be two years, County Court imposed the agreed-upon sentence. This appeal ensued.
The People advise this Court, and a review of the records maintained by the Department of Corrections and Community Supervision confirms, that defendant has reached both the maximum expiration of his sentence and the maximum expiration date of his period of postrelease supervision. Accordingly, his challenge to the severity of his sentence is moot (cf. People v Vittengl, 195 AD3d 1233, 1234 [3d Dept 2021]; compare People v Woodruff, 219 AD3d 1017, 1017 [3d Dept 2023]; People v Turner, 217 AD3d 1260, 1261 [3d Dept 2023]). Were we to conclude otherwise, we would find — based upon a review of County Court's oral waiver colloquy — that defendant's waiver of the right to appeal was valid, thereby precluding any challenge to the severity of the sentence imposed (see People v Vittengl, 195 AD3d at 1234).
Aarons, J.P., Lynch, Ceresia, McShan and Powers, JJ., concur.
ORDERED that the appeal is dismissed, as moot.