People v Rivera (2021 NY Slip Op 03880)





People v Rivera


2021 NY Slip Op 03880


Decided on June 17, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 17, 2021

112124
[*1]The People of the State of New York, Respondent,
v
Mike A. Rivera Jr., Appellant.

Calendar Date:May 7, 2021

Before:Garry, P.J., Egan Jr., Lynch, Clark and Aarons, JJ.

G. Scott Walling, Slingerlands, for appellant.
Michael A. Korchak, District Attorney, Binghamton (Rita M. Basile of counsel), for respondent.



Appeal from a judgment of the County Court of Broome County (Dooley, J.), rendered August 30, 2018, convicting defendant upon his plea of guilty of the crimes of attempted murder in the second degree, attempted assault in the first degree, assault in the second degree, strangulation in the second degree (two counts), sexual abuse in the first degree and unlawful imprisonment in the first degree.
Defendant was charged in a seven-count indictment with attempted murder in the second degree, attempted assault in the first degree, assault in the second degree, strangulation in the second degree (two counts), sexual abuse in the first degree and unlawful imprisonment in the first degree stemming from a domestic incident. Defendant pleaded guilty to the entire indictment with the understanding that the sentence imposed would not exceed 15 years in prison and five years of postrelease supervision. At sentencing, County Court imposed a prison term of 12 years followed by five years of postrelease supervision upon his conviction of attempted murder in the second degree and equal or lesser, concurrent terms on the remaining convictions. Defendant appeals.
We are unpersuaded by defendant's sole contention that the sentence is harsh and excessive in light of his lack of criminal history and his value to his family, friends and community and because his actions were entirely out of character. Initially, we note that the sentencing agreement was considerably less than the maximum permissible prison sentence of 25 years that could have been imposed on the top count in the indictment of attempted murder in the second degree, a class B violent felony offense (see Penal Law §§ 70.02 [1] [a]; [3] [a]; 110.00; 125.25 [1]). The record reveals that County Court thoroughly considered mitigating factors, defendant's particular circumstances leading to the offenses, defendant's remorse and the outpouring of support from family and friends. Those mitigating factors, however, do not negate the seriousness of the crimes for which defendant was convicted. The court weighed the mitigating evidence against the violent and horrendous nature of his crimes. As the record demonstrates that the court appropriately considered the relevant factors in imposing the sentence, we find no abuse of discretion or extraordinary circumstances that warrant the reduction of the sentence in the interest of justice (see People v Farrar, 52 NY2d 302, 305-306 [1981]; People v Fisher, 181 AD3d 1051, 1053 [2020]).
Garry, P.J., Egan Jr., Lynch, Clark and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.