People v Huebsch (2021 NY Slip Op 06398)





People v Huebsch


2021 NY Slip Op 06398


Decided on November 18, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 18, 2021

112159
[*1]The People of the State of New York, Respondent,
v
Jason Huebsch, Appellant.

Calendar Date:October 13, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

Erin C. Morigerato, Albany, for appellant.
Meagan K. Galligan, District Attorney, Monticello (Kristin L. Hackett of counsel), for respondent.



Clark, J.
Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered September 12, 2017, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.
Defendant was charged in a seven-count indictment with three residential burglaries, under an accomplice liability theory, and other related crimes. In satisfaction of all charges, defendant pleaded guilty to burglary in the second degree as charged in the first count of the indictment. As part of the plea agreement,[FN1] defendant was required to waive his right to appeal. Consistent with that agreement, defendant was sentenced, as an acknowledged second felony offender, to a prison term of 10 years to be followed by five years of postrelease supervision. Defendant appeals.
We affirm. Initially, as defendant claims and the People concede, our review of the record reflects that defendant's waiver of appeal is invalid (see People v Thomas, 34 NY3d 545, 565-566 [2019]; People v Lunan, 196 AD3d 969, 969-970 [2021]). Defendant further argues that his guilty plea was not knowing, voluntary and intelligent in that County Court, among other things, did not sufficiently advise him of the constitutional trial-related rights that he was forfeiting by pleading guilty (see Boykin v Alabama, 395 US 238, 243 [1969]), and because his plea was the product of coercion and undue pressure. This challenge is unpreserved because defendant did not make an appropriate postallocution motion (see People v Howard, 190 AD3d 1108, 1108-1109 [2021]). Contrary to defendant's arguments, "the narrow exception to the preservation requirement is inapplicable, as defendant did not make any statements that were inconsistent with his guilt, negated an element of the crime or cast doubt upon the voluntariness of his plea" (People v Danzy, 182 AD3d 920, 921 [2020], lv denied 35 NY3d 1043 [2020]). Defendant was charged in count 1 of the indictment with burglary under an acting in concert theory with three others.[FN2] Defendant admitted acting as a lookout outside the residence, thereby assisting with the burglary, which established his guilt as an accomplice to that crime (see People v Strauss, 155 AD3d 1317, 1318-1319 [2017], lv denied 31 NY3d 1122 [2018]). Accordingly, defendant's statement during the factual allocution — that he did not enter the residence — did not negate an element of the crime (see People v Widger, 160 AD3d 1297, 1298 [2018]). Were we to consider his challenge to the validity of his guilty plea, we would find that defendant was advised, more than once, of the consequences of his plea and the trial-related rights that he was forgoing — including his rights against self-incrimination, to testify, to confront witnesses and to a jury trial — and that the record affirmatively demonstrates that he knowingly and voluntarily waived those rights (see People v Tyrell, 22 NY3d 359, 365 [2013]).[FN3] Moreover, defendant assured the court that he had sufficient time to confer [*2]with counsel and did not feel pressured to waive his rights, and the record contains no support for his claims that he was pressured or coerced into entering a guilty plea or that he was threatened with a maximum sentence if he went to trial. Furthermore, he was properly advised of the maximum potential sentences that could be imposed should he be convicted after trial.
Defendant further claims that County Court abused its discretion in eliciting from him a waiver of a potential conflict of interest arising from the disclosure that the trial judge's son, a police officer, was an investigator in this case.[FN4] However, the record reflects that when the officer's limited involvement in this investigation was disclosed at the outset of the plea proceedings, both defendant and defense counsel indicated that they had no objection to the trial judge presiding over this case and, after defendant was sworn, he reaffirmed that he had no objection. On these facts, the judge was not statutorily disqualified (see Judiciary Law § 14), and we find that defendant expressly waived any potential conflict (see People v Clapper, 133 AD3d 1037, 1038-1039 [2015], lv denied 27 NY3d 995 [2016]) and discern no bias or abuse of discretion (see People v Moreno, 70 NY2d 403, 405-406 [1987]; People v Regan, 192 AD3d 1393, 1394 [2021], lv denied 37 NY3d 959 [2021]; see also People v Glynn, 21 NY3d 614, 618-619 [2013]).
Defendant's contentions that he was denied the effective assistance of counsel primarily concern allegations that are outside of the record on appeal, such as what counsel investigated or advised him, which are more properly raised in a motion pursuant to CPL article 440 (see People v Aponte, 190 AD3d 1031, 1033 [2021], lvs denied 37 NY3d 953, 959, 960 [2021]; People v Taylor, 156 AD3d 86, 92 [2017], lv denied 30 NY3d 1120 [2018]). To the extent that defendant argues that counsel's deficiencies are apparent from the transcript of the plea and sentencing proceedings, and rendered his plea involuntary, the record fails to support that claim. Moreover, "[i]n the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt upon the apparent effectiveness of counsel" (People v LaPierre, 195 AD3d 1301, 1306 [2021] [internal quotation marks and citation omitted]). Counsel made appropriate pretrial motions, negotiated a favorable disposition that avoided consecutive sentencing for separate residential burglaries (see Penal Law §§ 70.06 [6] [b]; 70.25 [2]]) and advocated for leniency based upon relevant mitigating factors. At the plea proceedings, defendant indicated that he was satisfied with counsel's advice and had adequate time to confer with counsel regarding his rights. Given the foregoing, we find, on the record before us, that defendant received meaningful representation (see People v Benevento, 91 NY2d 708, 712 [1998]).
Finally, the record reflects [*3]that County Court took into consideration the mitigating factors relevant to sentencing, including defendant's history of substance abuse and family circumstances and the fact that no one was harmed in the burglaries, which the court weighed against the seriousness of the charges. Under the circumstances, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see CPL 470.15 [6] [b]; People v Rivera, 195 AD3d 1249, 1249-1250 [2021]). Defendant's remaining claims similarly lack merit.
Egan Jr., J.P., Lynch, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Although defendant was also required to enter a guilty plea to reduced charges under counts 2 and 3 of the indictment as a condition of his release on bail pending sentencing, those counts were dismissed at sentencing, on the People's motion, based upon defendant's cooperation with the conditions of his release.

Footnote 2: Regarding accessorial liability, as is relevant here, "[w]hen one person engages in conduct which constitutes an offense, another person is criminally liable for such conduct when, acting with the mental culpability required for the commission thereof, he [or she] . . . intentionally aids such person to engage in such conduct" (Penal Law § 20.00).

Footnote 3: These rights were also memorialized in a written document signed by defendant at the plea proceedings.

Footnote 4: Defense counsel stated that the officer's involvement in the case with a codefendant did not affect defendant and was not material to any defense to the charges.