People v Hawkins (2022 NY Slip Op 04329)

People v Hawkins

2022 NY Slip Op 04329

Decided on July 7, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 7, 2022

112067
[*1]The People of the State of New York, Respondent,
v
Peter Hawkins, Appellant.

Calendar Date:May 24, 2022

Before:Lynch, J.P., Clark, Pritzker, Ceresia and McShan, JJ.

Eric C. Morigerato, Albany, for appellant.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.

Lynch, J.P.
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered June 18, 2018, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.
While incarcerated, defendant was arrested and charged with, among other things, promoting prison contraband in the first degree after he was found to have secreted three razor blades on his person. Defendant waived indictment and pleaded guilty to the reduced charge of attempted promoting prison contraband in the first degree as set forth in a superior court information and purported to waive his right to appeal. County Court sentenced defendant, as a second felony offender, to the agreed-upon prison term of 2 to 4 years to run consecutively to the sentence he was currently serving. Defendant appeals.
We agree with defendant's contention that the appeal waiver is invalid. The purported waiver is akin to the appeal waiver we recently declared invalid in People v Goodwalt (205 AD3d 1070, 1071 [2022]), originating from the same court. Here, like in Goodwalt, County Court explained that "[o]nce you give up your right to appeal, it [is] gone forever on this case. You can no longer appeal this case. Do you understand that?" The written waiver did state that it "will apply to all legal issues that can be waived under the law," but concluded with the following acknowledgement: "[i]t is my understanding and intention that my plea agreement and sentence will be a complete and final disposition of this case." Since the language of both the oral and written waivers suggests an absolute bar to appellate review, we conclude that defendant's waiver of appeal was not a knowing, voluntary and intelligent one (see People v Thomas, 34 NY3d 545, 563 [2019]; People v Goodwalt, 205 AD3d at 1071; People v Gamble, 190 AD3d 1022, 1023 [2021], lvs denied 36 NY3d 1095, 1097, 1098 [2021]).
Defendant's contention that the plea was not knowingly, voluntarily and intelligently entered into was not preserved for our review by an appropriate postallocution motion, despite an opportunity to make one, and, upon review of the record, the narrow exception to the preservation requirement is not implicated (see People v Daniels, 193 AD3d 1179, 1180 [2021]; People v Botts, 191 AD3d 1044, 1045 [2021], lv denied 36 NY3d 1095 [2021]). Were we to consider his challenge to the voluntariness of the guilty plea, we would find it to be without merit as the record reflects that County Court sufficiently informed defendant of the trial-related rights he was forfeiting by pleading guilty and defendant affirmed that he had sufficient time to confer with counsel, was satisfied with counsel's representation and understood the consequences of entering a guilty plea (see People v Huebsch, 199 AD3d 1174, 1175 [2021], lv denied 37 NY3d 1161 [2022]; People v LaPierre, 189 AD3d 1813, 1815 [2020], lv denied 36 NY3d 1098 [2021]). Defendant's further contention that he was coerced [*2]into pleading guilty is belied by the record, which reflects that he repeatedly assured the court that he was voluntarily accepting the plea offer (see People v Huebsch, 199 AD3d at 1175-1176; People v White, 153 AD3d 1044, 1045 [2017], lv denied 30 NY3d 1023 [2017]). The pressure of whether to accept a plea or face the potential of increased sentencing exposure following a trial "amounts to no more than the type of situational coercion faced by many defendants who are offered a plea deal" (People v Agueda, 202 AD3d 1153, 1155 [2022] [internal quotation marks and citations omitted], lv denied 38 NY3d 1031 [2022]).
Defendant also contends that he was deprived of the effective assistance of counsel. His assertions in that regard primarily relate to matters outside the record, such as counsel's failure to investigate or advise him, and are more appropriately addressed in the context of a CPL article 440 motion (see People v Williams, 203 AD3d 1398, 1400 [2022], lv denied 38 NY3d 1036 [2022]; People v Huebsch, 199 AD3d at 1176). To the extent that defendant asserts that the record is sufficient to discern counsel's alleged deficiencies, which impacted the voluntariness of his plea, it is similarly unpreserved absent a postallocution motion (see People v Crispell, 203 AD3d 1393, 1394 [2022]; People v Nack, 200 AD3d 1197, 1198 [2021], lv denied 38 NY3d 1009 [2022]). In any event, the record reflects that he received meaningful representation. Finally, given that County Court imposed the bargained-for sentence, under the circumstances presented, we are unpersuaded by defendant's contention that the sentence is unduly harsh or severe.
Clark, Pritzker, Ceresia and McShan, JJ., concur.
ORDERED that the judgment is affirmed.