People v Sims (2022 NY Slip Op 04586)

People v Sims

2022 NY Slip Op 04586

Decided on July 14, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 14, 2022

111718
[*1]The People of the State of New York, Respondent,
v
Yasif Sims, Appellant.

Calendar Date:May 31, 2022

Before:Garry, P.J., Egan Jr., Clark, Aarons and McShan, JJ.

Noreen McCarthy, Keene Valley, for appellant.
Letitia James, Attorney General, New York City (James F. Gibbons of counsel), for respondent.

Clark, J.
Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered August 20, 2018, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.
In connection with an 86-count indictment against multiple codefendants related to drug trafficking, defendant was charged with conspiracy in the second degree and criminal possession of a controlled substance in the first and third degrees. In satisfaction of all charges, defendant pleaded guilty to criminal possession of a controlled substance in the second degree under count 66 of the indictment, as amended and reduced, and executed a waiver of the right to appeal, in exchange for an agreed-upon prison sentence of six years to be followed by five years of postrelease supervision (hereinafter PRS). County Court raised the prospect that defendant could be sentenced as a predicate felon based upon numerous out-of-state convictions. On the day scheduled for sentencing, County Court indicated, following off-the-record discussions, that it would grant defense counsel's request for an adjournment to investigate whether defendant had failed to abide by the conditions of his plea agreement by violating jailhouse rules after his guilty plea was entered, which would relieve the court of its sentencing commitment. At sentencing, after hearing from both sides, the court determined that defendant had violated the terms of the plea agreement, thereby relieving it of its sentencing commitment, and sentenced defendant, as a first-time felony offender, to an enhanced prison sentence of seven years, followed by five years of PRS. Defendant appeals.
Initially, the record reflects that defendant knowingly, intelligently and voluntarily waived his right to appeal (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Shindler, 179 AD3d 1306, 1307-1308 [2020]). Defendant was advised that an appeal waiver was a condition of the plea agreement, and County Court explained, with examples, that some rights were not waived. The court conveyed that the right to appeal is separate and distinct from the trial-related rights automatically forfeited by his guilty plea and ascertained that defendant understood the waiver (see People v Lopez, 6 NY3d at 256). Defendant then executed a written waiver of appeal after reviewing it with counsel, indicating that he had read and understood it and had no questions. Contrary to defendant's claim, although the written waiver contained some overly broad language regarding its scope, both the oral and written waivers clearly advised that certain issues survive a waiver of appeal. There was no suggestion that the appeal waiver was an absolute bar to taking an appeal. On this record, we are satisfied that defendant, assisted by counsel, "understood the distinction that some appellate review survived" (People v Thomas, 34 NY3d 545, 561 [2019]; cf. People v Shanks, 37 NY3d 244, 253 [2021]; People v [*2]Bisono, 36 NY3d 1013, 1017-1018 [2020]).
Given the valid appeal waiver, defendant's challenge to the factual sufficiency of the plea allocution, which was not preserved by an appropriate postallocution motion (see People v Aponte, 190 AD3d 1031, 1032 [2021], lvs denied 37 NY3d 953, 959, 960 [2021]), is precluded (see People v Dickerson, 198 AD3d 1190, 1193 [2021]). In any event, "a pleading defendant need not recite every element of the crime or provide a factual exposition . . . [and] where, as here, a defendant pleads to a lesser crime as part of a plea bargain, the court is not required to engage in a factual recitation in order to establish the elements of the crime" (People v Favreau, 174 AD3d 1226, 1227-1228 [2019], lv denied 34 NY3d 980 [2019] [internal quotation marks and citations omitted]). Defendant's challenge to the voluntariness of his plea survives his appeal waiver but is also unpreserved for our review in the absence of an appropriate postallocution motion, despite having had ample time in which to make such motion (see People v Jackson, 203 AD3d 1388, 1389 [2022]). Defendant made no statements during the plea allocution or at sentencing that negated an element of the crime or the voluntariness of his plea, so as to trigger the narrow exception to the preservation requirement (see People v Williams, 27 NY3d 212, 214, 219-222 [2016]; People v Lopez, 71 NY2d 662, 666 [1988]). Defendant's unsworn, postplea statements to the Probation Department — to the extent that they were inconsistent with his admissions during the plea allocution — were unsubstantiated and did not impose a duty of further inquiry upon County Court (see People v Rosario, 203 AD3d 1404, 1405 [2022], lv denied 38 NY3d 1035 [2022]; People v Carroll, 172 AD3d 1821, 1822 [2019], lv denied 34 NY3d 929 [2019]; People v Allen, 166 AD3d 1210, 1211 [2018], lvs denied 32 NY3d 1201, 1206 [2019]).
Moreover, County Court did not overstate defendant's potential sentencing exposure for the class A-II crime to which he was entering a guilty plea, as he was properly advised that he faced a potential sentence of 14 years with five years of PRS were he determined to be a second felony drug offender (see Penal Law §§ 70.71 [1] [b]; [3] [b] [ii]; 70.45 [2]; 220.18). To the extent that defendant claims that the court erred in accepting his guilty plea prior to determining his predicate sentencing status, this contention has not been preserved for our review as he did not raise it during the plea allocution but, rather, voluntarily pleaded guilty while aware that he could be sentenced as a second felony drug offender and that his sentencing status was yet to be determined (see People v Hernandez, 188 AD3d 1357, 1359 [2020], lv denied 36 NY3d 1057 [2021]). Were we to address defendant's claim, we would find that determining defendant's predicate status at sentencing, with the benefit of the presentence report and predicate felony statements, did not violate lawful procedure or render [*3]his guilty plea involuntary, and the agreed-upon sentence was not contingent upon that determination (see CPL 400.21). Notably, defendant was ultimately and lawfully sentenced as a first-time felony drug offender to a prison term of seven years, followed by five years of PRS (see Penal Law §§ 70.45 [2]; 70.71 [1] [a]; [2] [b] [ii]).
Defendant further contends that County Court failed to conduct a sufficient inquiry into whether he violated the terms of the plea agreement prior to imposing an enhanced sentence. However, defendant failed to preserve this claim as he did not move to withdraw his guilty plea on this basis or request a hearing to contest the basis for the charges that he violated jailhouse rules (see People v Bishop, 188 AD3d 1445, 1446 [2020]). In any event, County Court made clear that a condition of the plea was that he "comply with the jail rules" by, among other things, respecting the correction officers and that, if he failed to do so, the court would no longer be bound by the promised sentence. At sentencing, the court outlined the information it had received regarding the jailhouse rules violations, and defense counsel argued, albeit unsuccessfully, for adherence to the promised sentence; defendant had an opportunity to provide his version of the postplea incident that resulted in charges, essentially admitting the incident but arguing that his conduct did not amount to harassment of a correction officer. An evidentiary hearing was not required and, under the circumstances, we find that the court conducted a sufficient inquiry before determining that there was a legitimate basis for the charges (see People v Albergotti, 17 NY3d 748, 750 [2011]; People v Outley, 80 NY2d 702, 712-713 [1993]). Defendant's appeal waiver precludes his related contention that the court, in sentencing him, considered unreliable information (see People v Smith, 119 AD3d 1088, 1089 [2014], lvs denied 24 NY3d 1084, 1089 [2014]) and such contention is, in any event, unsupported by the record.
Defendant's claim that counsel provided ineffective assistance is unpreserved and precluded by the waiver of appeal except to the extent that it impacts upon the voluntariness of his guilty plea; to the extent that it concerns matters outside of the record, such as what counsel advised him or investigated, such matters are more properly addressed in a motion to vacate the judgment of conviction pursuant to CPL article 440 (see People v Williams, 203 AD3d 1398, 1399-1400 [2022], lv denied 38 NY3d 1036 [2022]). Were we to address this claim, we would find, on this record, that defense counsel was not ineffective for failing to request an evidentiary hearing to contest the charges that defendant violated jailhouse rules (see People v Bishop, 188 AD3d at 1447). Contrary to defendant's argument, the record does not support a finding that defense counsel, in advocating against an enhanced sentence, took a position adverse to defendant or undermined his defense [*4]against the plea violation charges so as to create a conflict of interest (see People v Mitchell, 21 NY3d 964, 966-967 [2013]; People v Curry, 123 AD3d 1381, 1382 [2014], lv denied 25 NY3d 950 [2015]; cf. People v Maldonado, 183 AD3d 1129, 1129-1130 [2020]). We have examined defendant's remaining contentions and find them to be without merit.
Garry, P.J., Egan Jr., Aarons and McShan, JJ., concur.
ORDERED that the judgment is affirmed.