People v Murray (2022 NY Slip Op 05561)

People v Murray

2022 NY Slip Op 05561

Decided on October 6, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 6, 2022

111705
[*1]The People of the State of New York, Respondent,
v
Michael Murray, Appellant.

Calendar Date:September 7, 2022

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Del Atwell, East Hampton, for appellant.
Meagan K. Galligan, District Attorney, Monticello (Lisa M. Bondarenka of counsel), for respondent.

Ceresia, J.
Appeal from a judgment of the County Court of Sullivan County (Frank J. LaBuda, J.), rendered November 28, 2017, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.
Defendant was indicted and charged with robbery in the first degree (two counts) and criminal possession of a weapon in the third degree. The charges stemmed from an incident that occurred in January 2017 when defendant brandished an approximately 12-inch-long dagger and demanded that the victim hand over her money. In full satisfaction of that indictment, defendant agreed to plead guilty to one count of robbery in the first degree with the understanding that he would be sentenced as a second violent felony offender to a prison term of no more than 15 years followed by five years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement, and County Court thereafter sentenced defendant to a prison term of 15 years followed by five years of postrelease supervision. This appeal ensued.
We affirm. To the extent that defendant's brief may be read as challenging his waiver of the right to appeal, the People concede — and our review of the record confirms — that such waiver is invalid (see People v Huebsch, 199 AD3d 1174, 1175 [3d Dept 2021], lv denied 37 NY3d 1161 [2022]) and, therefore, defendant's challenge to the perceived severity of his sentence is not precluded (see People v Torres, 205 AD3d 1211, 1212 [3d Dept 2022]). That said, upon due consideration of the relevant factors, including defendant's criminal history and the fact that he committed the underlying offense while on parole, we do not find the sentence imposed to be unduly harsh or severe (see CPL 470.15 [6] [b]; People v Rivera, 195 AD3d 1249, 1249-1250 [3d Dept 2021]).
Defendant's claim that he was denied the effective assistance of counsel — to the extent that it impacts upon the voluntariness of his plea — is unpreserved for our review absent evidence of an appropriate postallocution motion, and the narrow exception to the preservation requirement is inapplicable (see People v Washington, 206 AD3d 1278, 1280 [3d Dept 2022]; People v Katoom, 205 AD3d 1132, 1134 [3d Dept 2022]). In any event, defendant's present assertion — that counsel was ineffective because defendant ultimately pleaded guilty to the "top count" of the indictment — ignores the fact that such plea was in full satisfaction of the remaining counts thereof and significantly reduced defendant's sentencing exposure (see People v Fisher, 181 AD3d 1051, 1052-1053 [3d Dept 2020]. Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Clark, J.P., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.