People v Dye (2022 NY Slip Op 06289)

People v Dye

2022 NY Slip Op 06289

Decided on November 10, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 10, 2022

110394B
[*1]The People of the State of New York, Respondent,
v
Michael Dye, Appellant.

Calendar Date:October 14, 2022

Before:Garry, P.J., Egan Jr., Clark, Ceresia and Fisher, JJ.

Erin C. Morigerato, Albany, for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.

Garry, P.J.
Appeal from a judgment of the County Court of Albany County (William A. Carter, J.), rendered March 29, 2018, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
In satisfaction of multiple pending indictments, defendant pleaded guilty to criminal possession of a weapon in the second degree and purported to waive his right to appeal. County Court sentenced defendant to a prison term of 10 years followed by five years of postrelease supervision. Defendant appeals.[FN1]
Initially, the People concede, and our review of the record confirms, that defendant's appeal waiver is invalid given County Court's terse and inadequate explanation of the nature of the appeal waiver as well as its failure to ascertain — either during the plea colloquy or after defendant executed a written waiver — whether defendant understood the ramifications thereof (see People v Rodriguez, 206 AD3d 1383, 1384 [3d Dept 2022]; People v Boyd, 206 AD3d 1350, 1351 [3d Dept 2022], lv denied 38 NY3d 1149 [2022]).
Defendant contends that his plea was not knowing, voluntary and intelligent because County Court, among other things, did not ensure that defendant understood the consequences of pleading guilty and because his plea was the result of pressure and coercion. Defendant's challenge to the voluntariness of the plea is not preserved for our review as the record does not reflect that he made an appropriate postallocution motion, despite having an opportunity to do so (see People v Sims, 207 AD3d 882, 884 [3d Dept 2022]; People v Huebsch, 199 AD3d 1174, 1175 [3d Dept 2021], lv denied 37 NY3d 1161 [2022]). Further, upon review of the record, we are unpersuaded by defendant's assertion that the narrow exception to the preservation requirement is applicable (see People v Hawkins, 207 AD3d 814, 815 [3d Dept 2022]; People v Loya, 204 AD3d 1255, 1256 [3d Dept 2022], lv denied 38 NY3d 1072 [2022]). Were we to consider such challenge to his plea, we would find it to be without merit as the record reflects that defendant was apprised of the trial-related rights he was forfeiting by pleading guilty, and he assured the court that he had sufficient time to speak with and was satisfied with counsel, that he understood the consequences of pleading guilty and that he was pleading guilty voluntarily (see People v Hawkins, 207 AD3d at 815-816; People v Huebsch, 199 AD3d at 1175-1176). Further, County Court advising defendant of the maximum potential sentencing exposure does not indicate bias, coercion or threat by the court (see People v Hawkins, 207 AD3d at 816; People v Loya, 204 AD3d at 1256).
Defendant's ineffective assistance of counsel claim, to the extent that it impacts the voluntariness of the plea, is similarly unpreserved for our review (see People v Elawar, 204 AD3d 1247, 1249 [3d Dept 2022], lv denied 38 NY3d 1133 [2022]). To the extent that defendant contends that counsel failed to adequately investigate, advise and zealously [*2]advocate for a more favorable plea agreement, such issues involve matters outside the record and are more appropriately addressed in a CPL article 440 motion (see People v Williams, 203 AD3d 1398, 1400 [3d Dept 2022], lv denied 38 NY3d 1036 [2022]; People v Huebsch, 199 AD3d at 1176).
Finally, we discern no basis upon which to disturb the sentence imposed (see CPL 470.15 [6] [b]). Defendant's remaining contentions, to the extent not specifically addressed, have been reviewed and found to be without merit.
Egan Jr., Clark, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: This Court previously granted defense counsel's application to withdraw and assigned new counsel to represent defendant on appeal (197 AD3d 1436 [3d Dept 2021]).