People v Miller (2023 NY Slip Op 02038)

People v Miller

2023 NY Slip Op 02038

Decided on April 20, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 20, 2023

112569
[*1]The People of the State of New York, Respondent,
v
Shyquan Miller, Appellant.

Calendar Date:February 22, 2023

Before:Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and Ceresia, JJ. 

Erin C. Morigerato, Albany, for appellant.
P. David Soares, District Attorney, Albany (Daniel J. Young of counsel), for respondent.

Egan Jr., J.
Appeal from a judgment of the Supreme Court (Roger D. McDonough, J.), rendered March 11, 2020 in Albany County, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the second degree.
In April 2018, defendant was arrested and charged with various offenses after a search of the vehicle in which he was a passenger resulted in the recovery of a loaded Taurus 9 millimeter pistol. In resolution of the charges, defendant waived indictment in October 2018 and pleaded guilty to a superior court information charging him with attempted criminal possession of a weapon in the second degree. The plea offer contemplated that defendant would be sentenced to a prison term of five years, to be followed by five years of postrelease supervision, and that his sentence would run concurrently with a prison sentence that was soon to be imposed upon a drug conviction in Columbia County. Defendant successfully moved to withdraw his plea, after which he was indicted on one count of criminal possession of a weapon in the second degree. In July 2019, defendant rejected a plea offer in which he would have pleaded guilty to the reduced charge of attempted criminal possession of a weapon in the second degree in exchange for a prison term of five years followed by five years of postrelease supervision, that sentence to run consecutively to the one imposed upon the Columbia County conviction.
The People obtained a superseding indictment in August 2019 that again charged defendant with one count of criminal possession of a weapon in the second degree. Following further proceedings, defendant pleaded guilty to attempted criminal possession of a weapon in the second degree in satisfaction of that indictment and purportedly waived his right to appeal. Supreme Court then sentenced defendant, as a second felony offender, to an agreed-upon term of three years in prison to be followed by five years of postrelease supervision, that sentence to run consecutively to the one he was already serving. Defendant appeals, and we affirm.
At the outset, the People concede, and our review of the record confirms, that defendant did not validly waive his right to appeal. Supreme Court did not "adequately explain and elicit defendant's understanding of the nature and ramifications of the waiver" (People v Brewster, 194 AD3d 1266, 1267 [3d Dept 2021], lv denied 37 NY3d 970 [2021]), including by "fail[ing] to make clear to defendant that the appeal waiver was not a total bar to defendant taking an appeal" (People v Jackson, 206 AD3d 1244, 1245 [3d Dept 2022] [internal quotation marks and citation omitted], lv denied 38 NY3d 1151 [2022]).The written appeal waiver executed by defendant contained overbroad language that did not cure those deficiencies (see People v Ford, 210 AD3d 1142, 1142 [3d Dept 2022], lv denied 39 NY3d 1072 [2023]; People v Jackson, 206 AD3d at 1245).
Defendant's challenge to the voluntariness of his plea is unpreserved for [*2]our review in the absence of an appropriate postallocution motion (see People v Merritt, 210 AD3d 1209, 1209 [3d Dept 2022]; People v Hawkins, 207 AD3d 814, 815 [3d Dept 2022]). The narrow exception to the preservation requirement was not triggered, as defendant made no statements during the plea proceedings or at sentencing that negated an element of the subject crime, were inconsistent with his guilt or otherwise called into question the voluntariness of his plea (see People v DeJesus, 210 AD3d 1195, 1196 [3d Dept 2022], lv denied 39 NY3d 985 [2022]; People v Rubert, 206 AD3d 1378, 1380 [3d Dept 2022], lv denied 39 NY3d 942 [2022]). We decline defendant's invitation to take corrective action in the interest of justice (see People v Elawar, 204 AD3d 1247, 1249 [3d Dept 2022], lv denied 38 NY3d 1133 [2022]).
Defendant's ineffective assistance of counsel claim, to the extent that it impacts upon the voluntariness of his plea, is similarly unpreserved for our review (see People v DeJesus, 210 AD3d at 1196; People v Murray, 209 AD3d 1058, 1059 [2022]). The remainder of that claim appears to relate to the alleged failure of plea counsel to properly investigate defendant's case, pursue potential defenses, advise defendant of the ramifications of his plea and/or argue for a more advantageous plea agreement, all of which involve matters that are outside of the record and are more properly the subject of a CPL article 440 motion (see People v Loya, 204 AD3d 1255, 1256 [3d Dept 2022], lv denied 38 NY3d 1072 [2022]; People v Elawar, 204 AD3d at 1249).
Defendant's further challenge to the severity of his sentence is properly before us in the absence of a valid appeal waiver (see People v Maddox, 208 AD3d 1535, 1536 [3d Dept 2022], lv denied 39 NY3d 963 [2022]). Nevertheless, after considering all of the relevant factors and circumstances, including both defendant's extensive criminal history and his admission that he attempted to illegally possess a loaded 9 millimeter handgun here, we do not perceive the agreed-upon sentence imposed to be unduly harsh or severe (see CPL 470.15 [6] [b]). Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Aarons, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.