People v Finn (2023 NY Slip Op 02146)

People v Finn

2023 NY Slip Op 02146

Decided on April 27, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 27, 2023

112600
[*1]The People of the State of New York, Respondent,
v
Frederick J. Finn Jr., Appellant.

Calendar Date:March 31, 2023

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Tina K. Sodhi, Alternate Public Defender, Albany (Steven M. Sharp of counsel), for appellant.
P. David Soares, District Attorney, Albany (Jonathan P. Catania of counsel), for respondent.

Fisher, J.
Appeal from a judgment of the County Court of Albany County (William A. Carter, J.), rendered July 20, 2020, convicting defendant upon his plea of guilty of the crime of aggravated unlicensed operation of a motor vehicle in the first degree.
Following a traffic stop in 2019, defendant was charged in a single-count indictment with aggravated unlicensed operation of a motor vehicle in the first degree. Defense counsel filed an omnibus motion seeking, among other things, to suppress all physical evidence, statements by defendant and all evidence of the incident and arrest, asserting that defendant was stopped without reasonable suspicion of wrongdoing. Although initially granting the request for a suppressionhearing, Supreme Court (Breslin, J.) subsequently denied the motion, without a hearing, because there were no sworn allegations of fact. The court also denied defense counsel's subsequent request to cure such defect.
Defendant thereafter pleaded guilty to the indictment and purportedly waived his right to appeal. Consistent with the terms of the plea agreement, County Court (Carter, J.) sentenced defendant to a prison term of 1 to 3 years. Defendant appeals.
Initially, as the People concede and our review of the record confirms, defendant's waiver of the right to appeal is invalid (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Colon, 208 AD3d 1551, 1552 [3d Dept 2022], lv denied 39 NY3d 1071 [2023]; People v Griffen, 200 AD3d 1195, 1195-1196 [3d Dept 2021], lv denied 37 NY3d 1161 [2022]). Although defendant's challenge to the severity of his sentence is not foreclosed given the invalid appeal waiver, it is nevertheless moot as the records of the Department of Corrections and Community Supervision confirm that defendant has been released from prison and has reached the maximum expiration of his sentence (see People v Boodrow, 205 AD3d 1134, 1137 [3d Dept 2022]; People v Vivona, 199 AD3d 1165, 1166 [3d Dept 2021]).
Turning to defendant's remaining challenges, he contends that Supreme Court abused its discretion in summarily denying his suppression motion without a hearing, particularly given the court's initial decision to grant a hearing. We disagree. "CPL 710.60 (1) requires that a motion for suppression of physical evidence must state the ground or grounds of the motion and must contain sworn allegations of fact" (People v Ibarguen, 37 NY3d 1107, 1108 [2021], cert denied ___ US ___, 142 S Ct 2650 [2022]; see People v Mendoza, 82 NY2d 415, 421 [1993]; People v Cowan, 207 AD3d 874, 875 [3d Dept 2022], lv denied 38 NY3d 1149 [2022]). Where there are no sworn allegations of fact, a suppression motion may be summarily denied without a hearing (see CPL 710.60 [3]; People v Ibarguen, 37 NY3d at 1108). There is no dispute that defendant's motion did not contain any sworn allegations of fact that would require a hearing. Further, although defendant set forth in his motion that the alleged basis for the stop — as disclosed during discovery[*2]— was premised on defendant not properly using his turn signal on two occasions, defendant did not deny or dispute such conduct in his motion. As the motion papers were insufficient given that they did not comply with the statutory requirement of CPL 710.60 (1) and raised no issue of fact, we are unpersuaded that the court's ultimate decision to summarily deny the motion without a hearing was an abuse of discretion (see CPL 710.60 [3]; People v Ibarguen, 37 NY3d at 1108, People v Mendoza, 82 NY2d at 426-427). We also find no abuse of discretion in the court denying counsel's request to cure the defect by orally placing facts on the record (see CPL 710.60 [1]) or adjourning the matter in order to submit the requisite affidavit (see CPL 255.20 [1]).
Finally, defendant claims that he received the ineffective assistance of counsel — premised upon the filing of the deficient motion to suppress and subsequent failure to cure those deficiencies — which impacted the voluntariness of his plea. As the record does not reflect that defendant filed an appropriate postallocution motion, this issue is unpreserved for our review (see People v Dye, 210 AD3d 1192, 1193-1194 [3d Dept 2022], lv denied 39 NY3d 1072 [2023]; People v West, 210 AD3d 1194, 1195 [3d Dept 2022], lv denied 39 NY3d 1080 [2023]). To the extent that defendant asserts that counsel did not devote sufficient time investigating and preparing factual and legal defenses, such assertions involve matters outside the record and are more appropriately the subject of a CPL article 440 motion (see People v Sims, 207 AD3d 882, 885 [3d Dept 2022], lv granted 39 NY3d 1080 [2023]).
Egan Jr., J.P., Clark, Pritzker and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.