People v Hawkins (2023 NY Slip Op 04239)

People v Hawkins

2023 NY Slip Op 04239

Decided on August 10, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 10, 2023

112638
[*1]The People of the State of New York, Respondent,
v
Basil Hawkins, Appellant.

Calendar Date:June 23, 2023

Before:Garry, P.J., Egan Jr., Ceresia, Fisher and McShan, JJ.

David E. Woodin, Catskill, for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.

Appeal from a judgment of the Supreme Court (Roger D. McDonough, J), rendered September 11, 2020 in Albany County, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
In satisfaction of two pending indictments and potential bail jumping charges, defendant pleaded guilty to criminal possession of a weapon in the second degree and agreed to waive his right to appeal. Consistent with the plea agreement, Supreme Court sentenced defendant, as a predicate felony offender, to a prison term of eight years, followed by five years of postrelease supervision. Defendant appeals.
Initially, the People concede, and our review of the record confirms, that defendant's waiver of the right to appeal is invalid given the overbroad language in the written appeal waiver, as well as the deficiency in the plea colloquy that failed to establish that defendant understood the nature and ramification of the appeal waiver and that some appellate rights survived (see People v Miller, 215 AD3d 1141, 1142 [3d Dept 2023], lv denied 40 NY3d 930 [2023]; People v Jacobs, 214 AD3d 1258, 1259 [3d Dept 2023], lv denied 40 NY3d 929 [2023]). As such, defendant's challenge to the severity of the sentence is not precluded (see People v Tolbert, 214 AD3d 1209, 1209 [3d Dept 2023]). Specifically, defendant contends that his underlying health conditions, age and potential exposure to the COVID-19 virus while incarcerated all have a potential negative impact on his life expectancy, rendering his sentence unduly harsh. We are unpersuaded. Even considering defendant's alleged mitigating circumstances, given defendant's extensive criminal history and favorable plea agreement resolving two indictments and other potential charges, the sentence, which defendant agreed to, is not unduly harsh or severe (see CPL 470.15 [3] [c]; [6] [b]; People v Farmer, 207 AD3d 964, 964-965 [3d Dept 2022]).
Garry, P.J., Egan Jr., Ceresia, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.