People v Adkins (2023 NY Slip Op 05556)

People v Adkins

2023 NY Slip Op 05556

Decided on November 2, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 2, 2023

113360
[*1]The People of the State of New York, Respondent,
v
Leroy Adkins, Appellant.

Calendar Date:October 6, 2023

Before:Garry, P.J., Egan Jr., Aarons, Powers and Mackey, JJ.

Tina K. Sodhi, Alternate Public Defender, Albany (Steven M. Sharp of counsel), for appellant.
P. David Soares, District Attorney, Albany (Daniel J. Young of counsel), for respondent.

Appeal from a judgment of the Supreme Court (Roger D. McDonough, J.), rendered October 22, 2021 in Albany County, convicting defendant upon his plea of guilty of the crime of aggravated driving while intoxicated.
In full satisfaction of a four-count indictment, defendant pleaded guilty to a single count of aggravated driving while intoxicated with the understanding that he would be sentenced to a prison term of 1&frac23; to 5 years and other applicable penalties would be imposed. As part of this agreement, defendant was required to waive his right to appeal and executed a written waiver in accordance therewith. Supreme Court imposed the contemplated sentence, and this appeal ensued.
We affirm. Initially, the People concede, and our review of the record confirms, that defendant's waiver of his right to appeal is invalid due to the overbroad language utilized in the written waiver and Supreme Court's terse oral colloquy which did not adequately explain or elicit from defendant that he understood the nature and ramifications of this waiver (see People v Hawkins, 219 AD3d 1021, 1022 [3d Dept 2023]; People v Jacobs, 214 AD3d 1258, 1259 [3d Dept 2023], lv denied 40 NY3d 929 [2023]). As such, defendant's challenge to the severity of his sentence is not precluded (see People v Spencer, 219 AD3d 981, 983 [3d Dept 2023]). In advocating for a reduction in his sentence, defendant relies upon the fact that the events in question resulted in no accident or injury and that he took responsibility; nevertheless, defendant has an extensive criminal history which includes two prior convictions for alcohol-related driving offenses within 10 years preceding the instant offense. Accordingly, noting that the agreed-upon sentence for defendant's conviction of aggravated driving while intoxicated was statutorily permissible and below the maximum (see Vehicle and Traffic Law § 1193 [c] [ii]; Penal Law § 70.00 [2] [d]; [3] [b]), we do not find such sentence to be either unduly harsh or severe (see CPL 470.15 [6] [b]).
Garry, P.J., Egan Jr., Aarons, Powers and Mackey, JJ., concur.
Ordered that the judgment is affirmed.