People v Morris-Caldwell (2023 NY Slip Op 05634)

People v Morris-Caldwell

2023 NY Slip Op 05634

Decided on November 9, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 9, 2023

111553B
[*1]The People of the State of New York, Respondent,
v
Shacream Morris- Caldwell, Appellant.

Calendar Date:October 18, 2023

Before:Clark, J.P., Aarons, Pritzker, Ceresia and Fisher, JJ.

Tina K. Sodhi, Alternate Public Defender, Albany (Steven M. Sharp of counsel), for appellant.
P. David Soares, District Attorney, Albany (Daniel J. Young of counsel), for respondent.

Clark, J.P.
Appeal from a judgment of the County Court of Albany County (William A. Carter, J.), rendered November 8, 2018, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the second degree.
Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with one count of attempted criminal possession of a weapon in the second degree. Following negotiations, defendant was afforded the opportunity to plead guilty to the charged crime with the understanding that he would be sentenced to a prison term of five years followed by five years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the agreement, and County Court imposed the agreed-upon sentence. This appeal ensued.
We affirm. The People concede, and our review of the record confirms, that defendant's waiver of the right to appeal is invalid (see People v Finn, 215 AD3d 1179, 1180 [3d Dept 2023], lv denied 40 NY3d 928 [2023]; People v Hardie, 211 AD3d 1418, 1419 [3d Dept 2022], lv denied 39 NY3d 1111 [2023]; People v Smith, 208 AD3d 1538, 1539 [3d Dept 2022]). Accordingly, defendant's challenge to the severity of his sentence is not precluded (see People v Davis, 199 AD3d 1123, 1124-1125 [3d Dept 2021], lv denied 37 NY3d 1160 [2022]). That said, upon reviewing the record and taking into consideration all of the relevant factors, we do not find the negotiated sentence to be unduly harsh or severe and decline defendant's invitation to reduce it in the interest of justice (see CPL 470.15 [6] [b]; People v Turner, 217 AD3d 1260, 1261 [2023]). Defendant's remaining claim — that his conviction under Penal Law § 265.03 (3) is unconstitutional in light of the Supreme Court of the United States' decision in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US ___, 142 S Ct 2111 [2022]) — is unpreserved for our review due to defendant's failure to raise such challenge before County Court (see People v Maddox, 218 AD3d 1154, 1154-1155 [4th Dept 2023]; People v Hall, 217 AD3d 1501, 1502 [4th Dept 2023], lv denied 40 NY3d 997 [2023]; People v Benjamin, 216 AD3d 1457, 1457 [4th Dept 2023]; People v Fricke, 216 AD3d 1446, 1447 [4th Dept 2023], lv denied 40 NY3d 928 [2023]).
Aarons, Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.