People v Gilmore (2024 NY Slip Op 04164)

People v Gilmore

2024 NY Slip Op 04164

Decided on August 8, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 8, 2024

112561
[*1]The People of the State of New York, Respondent,
v
Carlos Gilmore, Appellant.

Calendar Date:June 14, 2024

Before:Egan Jr., J.P., Lynch, Reynolds Fitzgerald, Fisher and McShan, JJ.

Jane M. Bloom, Monticello, for appellant.
Brian P. Conaty, District Attorney, Monticello (Thomas W. Raleigh of counsel), for respondent.

Appeal from a judgment of the County Court of Sullivan County (Frank J. LaBuda, J.), rendered December 18, 2019, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
In full satisfaction of a four-count indictment, defendant agreed to plead guilty to one count of criminal possession of a weapon in the second degree with the understanding that the court could impose a prison term of between 7 and 11 years, in its discretion, followed by five years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement, and County Court thereafter sentenced defendant as a second felony offender to 11 years of imprisonment, with five years of postrelease supervision. This appeal ensued.
The People concede, and our review of the record confirms, that defendant's waiver of the right to appeal is invalid inasmuch as the Court's "explanation of the appeal waiver was overly broad and tended to impermissibly signify a complete bar to any appellate rights" (People v Monk, 189 AD3d 1970, 1971 [3d Dept 2020], lv denied 37 NY3d 958 [2021]). Therefore, defendant's challenge to the severity of his sentence is not foreclosed (see People v Morris-Caldwell, 221 AD3d 1137, 1137 [3d Dept 2023], lv denied 40 NY3d 1093 [2024]; People v Murray, 209 AD3d 1058, 1059 [3d Dept 2022]). That said, upon reviewing the record before us and taking into consideration all of the relevant factors, including the nature of the underlying crime and defendant's criminal history, we do not find the term of imprisonment imposed to be unduly harsh or severe (see CPL 470.15 [6] [b]). Accordingly, the judgment of conviction is affirmed.
Egan Jr., J.P., Lynch, Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.