People v Stefanovich (2024 NY Slip Op 06243)

People v Stefanovich

2024 NY Slip Op 06243

Decided on December 12, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 12, 2024

113028
[*1]The People of the State of New York, Respondent,
v
Michael J. Stefanovich, Appellant.

Calendar Date:November 12, 2024

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, Fisher and Powers, JJ.

Erin C. Morigerato, Albany, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor Fitzsimmons of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a judgment of the County Court of Washington County (Kelly S. McKeighan, J.), rendered May 14, 2021, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.
While driving a vehicle, defendant was pulled over due to an expired registration and, after failing field sobriety tests, was subsequently charged by indictment with two counts of driving while intoxicated and one count of aggravated unlicensed operation of a motor vehicle in the first degree. Prior to the commencement of a hearing challenging the basis for the traffic stop, defendant pleaded guilty to driving while intoxicated. He was sentenced in accordance with the plea agreement to a jail term of 45 days, to be followed by five years of probation. Defendant appeals.
We affirm. Defendant's challenge to the voluntariness of the plea is not preserved for our review as the record does not reflect that defendant made an appropriate postallocution motion, despite an opportunity to do so, and the narrow exception to the preservation requirement is not implicated here (see People v Sharpton, 225 AD3d 1097, 1097 [3d Dept 2024], lv denied 41 NY3d 1020 [2024]; People v Head, 225 AD3d 1004, 1005 [3d Dept 2024], lv denied 41 NY3d 1018 [2024]). Were we to consider such issue, we would find defendant's contention to be without merit as the record demonstrates that County Court sufficiently apprised defendant of the rights he was forfeiting by pleading guilty and that defendant affirmatively acknowledged that he understood the nature and consequences of pleading guilty (see People v Booth, 221 AD3d 1283, 1284 [3d Dept 2023]; People v Dye, 210 AD3d 1192, 1193 [3d Dept 2022], lv denied 39 NY3d 1072 [2023]). To the extent defendant asserts that there was no basis for the initial traffic stop that lead to his arrest, "by pleading guilty before the hearing on his suppression motion, defendant precluded the making of a record and, in consequence, foreclosed the possibility of appellate review of his challenge to the admissibility of the People's evidence" (People v Fernandez, 67 NY2d 686, 688 [1986]; see People v Murray, 197 AD3d 1355, 1356 [3d Dept 2021], lv denied 38 NY3d 929 [2022]).
Defendant's claim that his plea was involuntary due to the ineffective assistance of counsel is also unpreserved for our review in the absence of a postallocution motion (see People v Wimberly, 228 AD3d 1177, 1177-1178 [3d Dept 2024], lv denied ___ NY3d ___ [Oct. 23, 2024]; People v Ulmer, 226 AD3d 1259, 1260 [3d Dept 2024], lv denied 42 NY3d 930 [2024]). We further note that the primary bases for his claim of ineffective assistance of counsel, which is premised on counsel's alleged failure to properly advise him regarding the implications of the plea or sufficiently negotiate a more advantageous plea, involve matters outside the record and are more properly the subject of a motion pursuant to CPL article 440 (see People v Wimberly, 228 AD3d at 1178; People v Nunnally, 224 AD3d 992[*2], 994 [3d Dept 2024], lv denied 41 NY3d 1004 [2024]; People v Miller, 215 AD3d 1141, 1142 [3d Dept 2023], lv denied 40 NY3d 930 [2023]).
Finally, defendant contends that the sentence is unduly harsh and excessive. We disagree. Given that this is defendant's fifth conviction for an offense related to drinking and driving, the agreed-upon sentence of 45 days in jail, to be followed by five years of probation — which we note is significantly less than the prison term imposed on his prior felony conviction for the same conduct — is not unduly harsh or severe (see CPL 470.15 [6] [b]; see e.g. People v Adkins, 221 AD3d 1065, 1066 [3d Dept 2023]; People v McCarthy, 89 AD3d 1283, 1283 [3d Dept 2011]; People v Schermerhorn, 41 AD3d 975, 976 [3d Dept 2007]).
Garry, P.J., Lynch, Fisher and Powers, JJ., concur.
ORDERED that the judgment is affirmed.