People v Murdaugh (2025 NY Slip Op 04277)

People v Murdaugh

2025 NY Slip Op 04277

Decided on July 24, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 24, 2025

CR-24-0228
[*1]The People of the State of New York, Respondent,
v
John Murdaugh, Appellant.

Calendar Date:June 20, 2025

Before:Garry, P.J., Egan Jr., Aarons, Powers and Mackey, JJ.

Steven M. Sharp, Albany, for appellant.
Mary Pat Donnelly, District Attorney, Troy (Antonia M. Lane of counsel), for respondent.

Appeal from a judgment of the County Court of Rensselaer County (Jennifer Sober, J.), rendered January 16, 2024, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
Defendant was indicted and charged with criminal possession of a weapon in the second degree, a class C violent felony (see Penal Law §§ 70.02 [1] [b]; 265.03 [3]). The charge stemmed from an incident that occurred while defendant was on parole for another violent felony. Defendant ultimately agreed to plead guilty to the charged crime with the understanding that the maximum sentence imposed would be 11 years, to be followed by five years of postrelease supervision. County Court thereafter sentenced defendant, as a second felony offender, to a prison term of nine years, to be followed by five years of postrelease supervision. This appeal ensued.
In light of his prior violent felony conviction, defendant's potential sentencing exposure ranged from a minimum of 7 years to a maximum of 15 years (see Penal Law § 70.04 [3] [b]). The sentence imposed by County Court was at the lower end of the permissible range, and upon due consideration of all of the relevant factors, including defendant's prior criminal history and the fact that the underlying offense was committed while defendant was on parole, we do not find the sentence imposed to be unduly harsh or severe (see CPL 470.15 [6] [b]; see generally People v Murray, 209 AD3d 1058, 1059 [3d Dept 2022]).
Garry, P.J., Egan Jr., Aarons, Powers and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.