People v Clayton (2026 NY Slip Op 01559)

People v Clayton

2026 NY Slip Op 01559

Decided on March 19, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 19, 2026

CR-23-1525
[*1]The People of the State of New York, Respondent,
vShiron Clayton, Appellant.

Calendar Date:February 17, 2026

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Fisher and Mackey, JJ.

Justin C. Brusgul, Altamont, for appellant.
Lee C. Kindlon, District Attorney, Albany (Daniel J. Young of counsel), for respondent.

Fisher, J.
Appeal from a judgment of the County Court of Albany County (Andra Ackerman, J.), rendered March 2, 2023, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the second degree.
In satisfaction of a single-count indictment, defendant pleaded guilty to the reduced charge of attempted criminal possession of a weapon in the second degree and agreed to waive his right to appeal. County Court sentenced defendant pursuant to the terms of the plea agreement to a prison term of 2½ years, to be followed by three years of postrelease supervision. Defendant appeals.[FN1]
Defendant contends that the indictment is jurisdictionally defective because it fails to allege that defendant lacked a license to possess a weapon, which defendant asserts is now an essential element of the offense in light of the holding in New York State Rifle & Pistol Assn, Inc. v Bruen (597 US 1 [2022]). A jurisdictional defect in an indictment survives a guilty plea and an appeal waiver and can be raised for the first time on appeal (see People v Iannone, 45 NY2d 589, 600 [1978]; People v Taylor, 243 AD3d 1064, 1064-1065 [3d Dept 2025]); however, where, as here, a defendant argues "that the accusatory instrument was facially defective in failing to plead all constitutionally required elements, thereby depriving [County] Court of jurisdiction[,] . . . preservation is required" (People v David, 41 NY3d 90, 99 [2023]). Since defendant's general omnibus motion to dismiss the indictment on the basis that the evidence before the grand jury was legally insufficient was not sufficiently specific as to the alleged error to preserve the challenge he now raises (see People v White-Span, 182 AD3d 909, 909 [3d Dept 2020], lv denied 35 NY3d 1071 [2020]; see also People v Finger, 95 NY2d 894, 895 [2000]; People v Gray, 86 NY2d 10, 19 [1995]), his contentions are not properly before us. Defendant's remaining contentions have been found academic or without merit (see generally People v Johnson, ___ NY3d ___, ___, 2025 NY Slip Op 06528, *5 [2025]).
Aarons, J.P., Pritzker, Reynolds Fitzgerald and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: To the extent that defendant's cursory assertion that the indictment violated his due process rights can be deemed a constitutional challenge to the state's firearms licensing scheme and his conviction under Penal Law § 265.03 (3) in light of Bruen, such contention is not preserved as defendant failed to raise such issue before County Court (see People v Johnson, ___ NY3d ___, ___, 2025 NY Slip Op 06528, *3 [2025]; People v McLean, 244 AD3d 1248, 1248-1249 [2d Dept 2025]; People v Morris-Caldwell, 221 AD3d 1137, 1137-1138 [3d Dept 2023], lv denied 40 NY3d 1093 [2024]).