People v Walton (2026 NY Slip Op 01824)

People v Walton

2026 NY Slip Op 01824

Decided on March 26, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 26, 2026

CR-24-1775
[*1]The People of the State of New York, Respondent,
vZymeir Walton, Appellant.

Calendar Date:February 17, 2026

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Fisher and Mackey, JJ.

Steven Sharp Law, PLLC, Albany (Steven M. Sharp of counsel), for appellant.
Mary Pat Donnelly, District Attorney, Troy (Michael Allain of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a judgment of the Supreme Court (Roger McDonough, J.), rendered May 2, 2024 in Rensselaer County, convicting defendant upon his plea of guilty of the crimes of attempted murder in the second degree, assault in the first degree, robbery in the first degree (two counts), robbery in the second degree and criminal possession of a weapon in the fourth degree.
Defendant and the victim knew one another and, just before noon on November 3, 2022, he encountered her in a college parking lot in the City of Troy, Rensselaer County, stabbed her multiple times in the arm, neck and chest with a kitchen knife, then stole her car and fled the scene. As a result of the incident, he was charged in an indictment with attempted murder in the second degree, assault in the first degree, two counts of robbery in the first degree, robbery in the second degree and criminal possession of a weapon in the fourth degree. In the midst of the jury trial that ensued, defendant elected to plead guilty to the indictment upon the understanding that he would receive sentences on the various convictions that amounted to eight years in prison, to be followed by five years of postrelease supervision. Supreme Court thereafter imposed the promised sentences. Defendant appeals.
We are unpersuaded by defendant's sole argument that the sentences imposed should be reduced given, among other things, the fact that he was 20 years old at the time of the offense, his lack of criminal history and his prospects for a productive life upon his release. The sentences that defendant were promised and received were far below the maximum prison sentence of 25 years that could have been imposed on each of the attempted murder, first-degree assault and first-degree robbery convictions and, indeed, were close to the minimum allowable prison sentence of five years for them (see Penal Law § 70.02 [1] [a]; [3] [a]). As such, and noting that the mitigating factors cited by defendant in no way negate the violent nature of his conduct, we cannot say that the sentences were unduly harsh or severe (see People v Rivera, 195 AD3d 1249, 1249-1250 [3d Dept 2021]; People v Arnold, 32 AD3d 1051, 1051 [3d Dept 2006]).
Aarons, J.P., Pritzker, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.